## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lewis William Addis, Jr., # 095373, | ) | C/A No.: 1:15-1109-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden of Allendale Correctional | ) | |
| Institution,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Lewis William Addis, Jr. ("Petitioner"), is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 12, 13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by July 9, 2015. [ECF No. 14]. Petitioner failed to respond. The court issued an order on July 14, 2015, directing Petitioner to advise the court whether he wished to continue with his case and to

---

[1] An order issued on March 11, 2015, directed the clerk of court to terminate the State of South Carolina as a respondent in this matter and to add the Warden of Allendale Correctional Institution as the sole respondent in this case. [ECF No. 4]. The docket has been corrected to reflect the proper parties.

file a response to Respondent's motion by July 28, 2015. [ECF No. 16].   Petitioner filed a response on July 28, 2015. [ECF No. 18].[2]

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Factual and Procedural Background

According to the guilty plea colloquy, on September 9, Petitioner and a codefendant broke a rear window and entered the house of Carolyn Fant ("Victim"). [ECF No. 12-1 at 15]. Victim was in the hospital after having fallen. *Id.* A handgun and other items belonging to Victim were reported missing. *Id.* Petitioner's codefendant gave a statement implicating Petitioner in the case. *Id.* Petitioner confessed to having participated in the burglary, and admitted to stealing prescription drugs. *Id*. Petitioner did not say he stole a handgun or other items. *Id.* at 15–16.

Petitioner was indicted by the Richland County grand jury in July 2010 for burglary, first degree (2010-GS-40-875) and petit larceny (2010-GS-40-876). *Id.* at 116–19. Petitioner was represented by Jennifer C. Davis, Esq. and pled guilty on April 14, 2011, before the Honorable James R. Barber, III, Circuit Court Judge. *Id.* at 3–17. Sentencing was deferred until May 24, 2011, when Judge Barber sentenced Petitioner to 15 years. *Id.* at 18–39. Petitioner did not file a direct appeal. *Id.* at 41.

---

[2]  In his response in opposition to Respondent's summary judgment motion, Petitioner makes arguments for an expansion of the record and requests an evidentiary hearing. [ECF No. 18 at 1–3]. To the extent Petitioner's arguments can be construed as a motion *id.* at 3, the undersigned recommends this motion be denied, as an evidentiary hearing is not warranted in this case.

On November 28, 2011, Petitioner filed an application for post-conviction relief ("PCR"), asserting claims of ineffective assistance of counsel and that his guilty plea was not intelligently or voluntarily made. *Id.* at 40–52.

A PCR evidentiary hearing was held before the Honorable Clifton B. Newman, Circuit Court Judge, on October 18, 2012, at which Petitioner and his counsel Tommy A. Thomas, Esq., appeared. *Id.* at 61–100. On December 11, 2012, Judge Newman filed an order of dismissal. *Id.* at 101–15.

Petitioner appealed from the denial of PCR on January 8, 2013. [ECF No. 12-2]. He was represented by Chief Appellate Defender Robert M. Dudek of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[3] for writ of certiorari in the South Carolina Supreme Court on or about October 4, 2013, raising the following issue:

> Was defense counsel ineffective for failing to investigate whether petitioner, in fact, had the predicate prior two housebreaking or burglary convictions to be eligible for an indictment for burglary in the first-degree, since counsel's reliance on the fact that petitioner may have stolen a gun during the burglary was insufficient to negate the necessity of an investigation, particularly since petitioner was indicted for first degree burglary because of his alleged two prior convictions, and not because he allegedly stole a gun during the burglary?

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

[ECF No. 12-3 at 3]. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. *Id.* at 12. Petitioner filed a pro se brief. [ECF No. 12-4].

By order dated October 8, 2014, the South Carolina Supreme Court denied the petition for certiorari. [ECF No. 12-5]. The remittitur was issued on October 24, 2014. [ECF No. 12-6]. Petitioner filed this federal petition for a writ of habeas corpus on March 3, 2015. [ECF No. 1-4 at 1].[4]

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following grounds in his petition:

**Ground One:**    Not Eligible for Burglary First Degree

Supporting Facts: Only conviction for Breaking and Entering in 1978, well before new laws passed in June 1984.

**Ground Two:**    Attorneys failure to raise motion to suppress statement.

Supporting Facts: I asked Jennifer Davis to file motion to have statement surpressed due to the fact that I was being treated for withdrawals and taking Ativan when questioned. She told me it wouldn't do any good because I had asked for a mattress the same day and that I'd be better off going with Pastors Breem's program.

**Ground Three:**    Jennifer Davis and Renee Lipson were actually working for the states case against me.

---

[4] The petition was received by the court on March 6, 2015, and docketed on March 9, 2015. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on March 3, 2015. [ECF No. 1-4 at 1].

> Supporting Facts: Lee Connely's report that shows Jennifer Davis talking Cheryl Gadjahar into being a victim against me when she had no intest in case and did not wish to pursue charges. Niether attorney followed up on Carolyn Fants wishs. She told victims advocate and police that she hadn't been victim of any crime. Sentencing order that shows Jennifer Davis promised me in turn for pleading guilty.

**Ground Four:**     Renee Lipson failed to aquired transcript of preminary hearing

> Supporting Facts: I asked Ms. Lipson after hearing to get a transcript of hearing in which Det. Joe Clark was obviously lying when he testified that a caretaker had told him that a handgun was missing when they rode by said house the next day, even though Ms. Fant was in hospital as he well knew, he interviewed her the day before. No report on that either. Police report states nothing missing

[ECF Nos. 1 at 5–10; 1-1] (errors in original).

B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

5

counted." *Id.* at 248.

The moving party has the burden of proving summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by Fed. R. Civ. P. 56(c), set forth specific facts showing there is a genuine dispute for trial.

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits,

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17- 27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–47 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an

---

in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

"extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the

Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), *cert. denied*, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Coleman*, 501 U.S. at 753–54. Absent a showing of  "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1)

that his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102–103 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

D.    Analysis

1.    Procedurally-Barred Grounds

As an initial matter, Respondent alleges Petitioner's Grounds One, Three, and Four are procedurally barred because these claims were not raised to and ruled upon by the PCR court. The undersigned agrees. In Ground One, Petitioner alleges he was not eligible for first degree burglary. [ECF No. 1 at 5]. In Ground Three, Petitioner argues his plea counsel was working for the state against him. *Id.* at 8. In Ground Four, Petitioner claims his attorney failed to acquire a transcript of his preliminary hearing. *Id.* at 10. Because the claims in Grounds One, Three, and Four were not raised to or ruled upon by the PCR court, they were not preserved for review. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review). As a result, these claims were not properly presented to

the South Carolina appellate courts, which would find them procedurally defaulted if Petitioner attempted to raise them now. Accordingly, Petitioner's claims in Grounds One, Three and Four are barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Petitioner concedes Ground Two, *see* ECF No. 24 at 29, and the undersigned considers this claim abandoned.

Petitioner also appears to allege in an attachment to his habeas petition that his trial counsel was ineffective and his guilty plea was involuntary and unintelligent. [ECF No. 1-1]. Liberally-construed, these issues were addressed in the PCR order and appeal, and are therefore preserved for federal habeas review. Accordingly the undersigned conducts a merits review of these claims.

2.     Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of the claims in Grounds One, Three, and Four. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88

F.3d 263, 269 (4th Cir. 1996) (finding that in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a plea and sentencing hearing in which he raised no objection, a PCR hearing, and a PCR appeal in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review.

Petitioner cites to the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and argues he can show cause and prejudice to excuse the default of his PCR grounds. [ECF No. 19 at 1–2, 7–8, 24, 27]. Petitioner argues his counsel's failure to file a Rule 59(e) motion in regards to his claims in Grounds One and Three constitute cause and prejudice under *Martinez* to excuse his default of these issues. *Id.* at 7–8, 24.[6]

---

[6] Petitioner's arguments that he has "a limited education and is not trained in the law and is without professional assistance in pursuing this petition," *see* ECF No. at 4–5, are insufficient grounds to establish cause for his default. *See Cabiness v. Clarke*, Civil Action

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991). In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318 (internal citation omitted).

Examining the evidence before the court, the undersigned finds the procedural bar to Petitioner's Grounds One, Three, and Four should not be lifted by this court, as Petitioner has failed to provide sufficient evidence to establish that the underlying ineffective assistance of trial counsel claims have some merit. Liberally construed, Petitioner's claim in Ground One is essentially that his plea counsel was ineffective in

---

No. 7:12cv00625, 2013 WL 3830510, at *2 (W.D. Va. July 24, 2013) (explaining that a petitioner's unfamiliarity with law or a court's procedural rules does not provide a basis for establishing cause); *Harris v. McAdory*, 334 F.3d 665, 668–69 (7th Cir. 2003) (finding that a petitioner's pro se status does not constitute adequate ground for cause).

failing to point out to the sentencing court that he did not have the required two or more convictions on which his burglary in the first degree indictment was based. [ECF No. 18 at 7].[7] Petitioner argues the sentencing judge could not have accepted his guilty plea if counsel would have made this argument. *Id.* Although Petitioner claims "he only had one conviction in 1978 and that the other items in the rap sheet were probation violations," *id.* at 11, Petitioner failed to offer any evidence during his PCR proceedings or in his habeas petition to support this claim. *See* ECF Nos. 1; 1-1; 1-2; 12-1 at 63–99.[8] Turning to Petitioner's claim in Ground Three, Petitioner again fails to offer any evidence, other than his own speculation, to support his claim that his plea counsel was working "for the [state's] case against him." [ECF Nos. 1 at 8; 18 at 24–25]. Petitioner does not offer any argument in regards to his Ground Four claim. Given the lack of factual support for Petitioner's ineffective assistance of PCR counsel claims, the undersigned recommends upholding the procedural bar, as the Petitioner fails to demonstrate "that the underlying

---

[7] To the extent Petitioner is attempting to challenge the indictment itself, this type of claim is not an appropriate basis for federal habeas corpus relief. State indictments and state court subject matter jurisdiction are matters of state law that are not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").

[8] The undersigned has also reviewed the documents attached to Petitioner's habeas petition and Petitioner's response in opposition to Respondent's summary judgment motion. *See* ECF Nos. 1-2; 18-1. Petitioner's handwritten notes on his arrest record concerning a 9/22/1992 housebreaking and grand larceny court charge *see* ECF No. 18-1 at 21, is insufficient evidence to establish that this conviction was a probation violation related to his 1979 housebreaking convictions. *Id.* at 12–25.

ineffective-assistance-of-trial-counsel claim is a substantial one," *Martinez*, 132 S. Ct. at 1318–19.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 338 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The guilty plea colloquy reflects that Petitioner admitted the facts as recited by the Solicitor in Section I above. [ECF No. 12-1 at 15–16, 20–21, 32]. Accordingly, Petitioner cannot show actual innocence, and the procedural bar applies to Grounds One, Three, and Four.

### 3.    Merits Review of Claims Raised in Habeas Memorandum

In a memorandum attached to his habeas petition, Petitioner claims ineffective assistance of counsel and involuntary guilty plea. [ECF No. 1-1]. Petitioner alleges his counsel told him he would be sentenced to Pastor Breems' one-year [rehabilitation] program if he entered a guilty plea. *Id.* at 4–5, 75. Petitioner claims this was the third time he had been charged in Richland County and argues "every time [he] was railroaded into pleading guilty." *Id.* at 7. Petitioner also alleges his counsel failed to do an independent

study of his rap sheet, although "she knew that there was no gun," and that the detective lied to ensure first degree. *Id.* at 10.

At the PCR evidentiary hearing, Petitioner testified his plea counsel was the second attorney assigned to represent him. [ECF No. 12-1 at 66–67]. Petitioner testified he spoke with his counsel about suppressing a statement he gave while under the influence of alcohol, but his counsel stated "it wouldn't do no good." *Id.* at 68–69. Petitioner states he also tried to speak with his counsel about inaccuracies on his rap sheet, but that she never "got it straightened out." *Id.* at 73. Petitioner testified that although his rap sheet is confusing, he told counsel he only had one housebreaking conviction for enhancement purposes for burglary first. *Id.* at 71–73. Petitioner also stated he informed counsel that the owner of the house did not want to press charges against him. *Id.* at 76–77. Petitioner testified he decided to enter a guilty plea because he was facing life without parole, and he believed if he entered a plea the judge would sentence him to a year of rehabilitation. *Id.* at 75. Petitioner stated, "Every time I've ever pled guilty, I've got what my attorney told me I was going to get." *Id.* at 80.

Petitioner's plea counsel testified she took over representing Petitioner when the public defender's office restructured its case load. *Id.* at 85. Counsel stated she met with Petitioner six times before Petitioner entered his plea. *Id.* at 85–86. Counsel stated she and Petitioner reviewed the discovery in his case, his prior record, and the allegation that a gun was stolen, which also made Petitioner's charge first degree burglary. *Id.* at 86. Counsel stated she did speak with Petitioner about his rap sheet, but did not independently look into

Petitioner's criminal background. *Id.* at 86–87. Counsel testified she did recall Petitioner "talking about the parole and dates being all the same nature," but stated she was more concerned about the allegation of a gun making the charge burglary first. *Id.* at 87. Counsel stated she discussed with Petitioner what life without parole meant and that burglary first carried a mandatory minimum of fifteen years. *Id.* Counsel testified she and Petitioner spoke about suppressing his statement because of his alcoholism and withdrawals and stated she had all his medical records and would have raised this argument at a trial. *Id.* at 88–89. Counsel stated that even if she were able to suppress the statement, Petitioner's codefendant planned to testify against him. *Id.* at 97. Counsel stated she did not promise Petitioner his sentence would be suspended if he entered a plea, stating she was

> hopeful that Judge Barber would consider suspending the sentence in light of the fact that it was daytime robb—or burglary, that no one was home, no one was hurt, medication was taken. . . .
>
> But I did make it clear to him and have in my notes that I told him it was actually a long shot that Judge Barber would grant the Victorious Overcomers program. And that he could very well end up getting the minimum fifteen.

*Id.* at 91. Counsel testified Petitioner told her the homeowner did not want to prosecute, but she was not able to independently confirm this claim. *Id.* at 96. Counsel stated that "[i]n talking to the solicitor, she certainly was not of that opinion, and that they intended to pursue the charges." *Id.* When asked if she ever spoke with the homeowner, counsel testified she did not because it was her understanding that the homeowner had dementia and had been appointed a guardian ad litem. *Id.* at 96. Counsel stated she did speak to the homeowner's guardian ad litem. *Id.*

20

The PCR court found Petitioner's involuntary guilty plea claim to be without merit, explaining:

After a thorough review of the record and the testimony presented at the evidentiary hearing, this Court finds Applicant has failed to carry his burden in proving his plea was entered involuntarily or unintelligently as a result of counsel's alleged ineffectiveness. As a preliminary matter, this Court finds counsel's testimony to be very credible, while conversely finding Applicant's testimony to be not credible.

Based on the credible evidence presented and the record of the plea hearing, this Court finds Applicant entered his guilty plea voluntarily and intelligently after being fully and adequately advised of all relevant issues involved with the charges by competent counsel acting within the range of reasonableness demanded based on professional norms. Applicant was fully advised of the potential risks and benefits of entering the plea without negotiations or recommendations from the state, including the realistic possibility of receiving a life sentence for the Burglary charge, after which he openly told the plea judge he wished to plead guilty as he believed doing so was in his best interest. (Plea Tr. p. 6, l. 9). Contrary to Applicant's assertion, counsel's advisement of the realistic potential life sentence he was facing on the charge and the state's intention to pursue such a sentence at trial is not tantamount to coercion, duress or an improper "threat" rendering the plea involuntary. Therefore, this Court finds Applicant has failed to prove counsel's performance was deficient such that it rendered the subsequent guilty plea involuntary.

Further, Applicant has failed to sufficiently prove resulting prejudice as he has not convinced this Court that, but for the alleged deficiencies of counsel, he would not have pled guilty but rather insisted on going to trial to challenge the charges. The credible evidence reflects the state was prepared to seek a life sentence at a trial where Applicant's codefendant was going to present critical testimony against Applicant to help secure a conviction. With the remaining evidence against Applicant as reflected in the record, this Court cannot find any reasonable probability that, but for counsel's alleged "errors", Applicant would not have pled guilty but rather insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985) (*With respect to guilty plea counsel, the Applicant must show that there is reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial*). Therefore, this allegation is without merit and must be denied.

[ECF No. 12-1 at 110–12] (errors in original).

In rejecting Petitioner's ineffective assistance of counsel claims, the PCR court found:

### Ineffective Assistance of Counsel

Applicant also set forth two additional instances in which he alleged counsel was ineffective in her representation. First, Applicant contended counsel was ineffective for failing to further investigate and present victim's request not to pursue the charges against him. Second, Applicant said counsel was ineffective for failing to further investigate and prepare a motion to suppress his confession to police due to the severe alcohol withdrawals he was suffering at the time.

### Victim

Applicant alleged counsel was ineffective for failing to further investigate and/or present the plea court with information on victim's desire for the state not to pursue the charges Applicant. Counsel testified she did investigate this lead after discussing this allegation with counsel, but victim was diagnosed dementia and under the supervision of a guardian ad litem. That guardian, counsel said, refused to allow counsel to speak with victim about Applicant's case. Counsel noted the solicitor was "not of the opinion" that victim did not wish to pursue the charges based on their discussions.

This Court finds this allegation to be without merit. First, counsel's credible testimony reflects she did attempt to undertake a reasonable and diligent investigation into Applicant's contention, but was hindered by victim's mental incapacity. Applicant has failed to establish what further "reasonable" action counsel should have taken that she did not. Further, Applicant has failed to provide this Court with any evidence to substantiate the claim that victim did, in fact, desire the charges against him not be pursued, or that such a desire would have made any difference in the state's decision to prosecute Applicant. This Court finds Applicant's self-serving testimony in this regard to not be credible. Therefore, Applicant has failed to prove resulting prejudice as he has merely presented this Court with mere speculation, wholly unproven by credible, admissible evidence. Accordingly, this allegation is denied.

<u>Applicant's Statement to Police</u>

Counsel testified she was aware Applicant was an alcoholic and had discussed with Applicant his allegation that he was suffering from severe withdrawals at the time he gave his statement to police. Counsel stated she gathered all of Applicant's medical records necessary to support this contention in preparation of a pretrial motion to exclude the statement, which counsel noted she would have made had Applicant decided to proceed to trial. She also stated she would have argued the unreliability of the statement to the jury at trial on these same grounds had the statement be admitted by the trial judge. On cross-examination, counsel noted suppression of Applicant's statement would have beneficial to his chances at trial, but would not have significantly weakened the state's case as Applicant's codefendant was prepared to testify to the same information at trial.

Based on the testimony above and a review of the record, this Court finds Applicant was not ineffective in this regard. Counsel's credible testimony reflects she undertook a diligent and objectively reasonable investigation to develop a motion to suppress Applicant's statement to police based on his alleged alcohol withdrawal symptoms. It was Applicant's own voluntary decision to plead guilty that prevented counsel from presenting the motion she fully contended she was/would have been prepared to present in pretrial on Applicant's behalf. Therefore, this Court finds no deficiency in counsel's performance. Further, as stated by counsel, suppression of the statement was not the only high hurdle Applicant had to overcome if he had gone to trial;   Applicant's codefendant's purported testimony was equally a concern in evaluating Applicant's chances of success at trial. This Court finds Applicant has failed to prove that, even if his statement to police were suppressed from consideration by a jury at trial, a trial would have resulted in something less than a full conviction of the charges as indicted. Therefore, this allegation is without merit.

[ECF No. 12-1 at 112–14] (errors in original).

In opposition to summary judgment, Petitioner alleges the PCR court's determination of law and fact was unreasonable. [ECF No. 18 at 27]. Petitioner argues his counsel's failure to correct his rap sheet led him to plead to a longer sentence then he

should have received. *Id.* at 8. Petitioner also claims his counsel tricked him into making a plea by leading him to believe he was pleading to a rehab program and suspended sentence. *Id.* at 10. Petitioner alleges his counsel's PCR testimony was not credible and cites to the record to show his counsel offered contradictory testimony about the existence of a gun during his sentencing and PCR hearings. *Id.* at 11. Petitioner also argues his counsel should have had the guardian ad litem present at his sentencing or presented her statement to show she was ok with a lesser sentence. *Id.* at 26. Petitioner contends this would have given the judge a good reason to "extenuate the sentence." *Id.*

Addressing Petitioner's involuntary guilty plea claim, the undersigned finds Petitioner chose to enter a plea of guilty, freely and voluntarily. *Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984); *U.S. v. Futeral*, 539 F.2d 329 (4th Cir. 1976). At his plea hearing, Petitioner stated he understood the charges he was facing; that he faced a potential punishment of fifteen years to life imprisonment for burglary first and up to thirty days for petit larceny; that his constitutional rights included his right to remain silent, right to a jury trial, right to confront witnesses; that his entering a guilty plea means that he admits the truth of the charges against him; that he was satisfied with his counsel's services; and that he was entering a guilty plea voluntarily, of his own free will. [ECF No. 12-1 at 7–8, 11–12, 14–15, 20–21]. The solicitor presented the facts of the state's investigation *id.* at 15–16, 20–21, with which Petitioner concurred *id.* at 32. In light of the evidence presented, the undersigned finds the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's involuntary guilty plea claim.

The undersigned also finds support for the PCR court's findings that Petitioner failed to show that but for the alleged deficiencies of counsel regarding his rap sheet, he would not have pled guilty but rather insisted on going to trial to challenge the charges. The evidence presented at the hearing supports the PCR court's finding that the state was prepared to seek a life sentence at a trial in which Petitioner's codefendant was planning to testify. The undersigned further finds Petitioner failed to offer sufficient evidence to support his claim that his counsel promised him a one year suspended sentence. The PCR court's factual findings are based, in part, on its assessment that counsel's testimony was more credible than that of Petitioner. The PCR court's credibility determination is entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner may overcome this presumption of correctness only by showing "'clear and convincing evidence to the contrary.'" *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). Petitioner has shown no cause to discount the PCR court's credibility determination and the undersigned can find no basis in the record on which to overturn the state court decision.

Addressing Petitioner's ineffective assistance of counsel claim, the undersigned

finds, in light of the evidence presented during the PCR hearing, that the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's claims. The undersigned finds Petitioner failed to establish that counsel should have conducted additional investigation concerning the victim's purported desire to not pursue charges against Petitioner. The undersigned further finds that the state court did not unreasonably apply the mandates of *Strickland* in denying Petitioner's claim.

Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding his involuntary guilty plea and ineffective assistance of counsel claims. Additionally, Petitioner has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination of these issues given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (finding the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Accordingly, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determinations of these issues. Petitioner has failed to show he is entitled to federal habeas corpus relief and the undersigned recommends that the petition be denied and dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for

summary judgment [ECF No. 13] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 11, 2016                                          Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).