IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lewis William Addis, Jr., | ) | Civil Action No. 1:15-1109-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Allendale Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Lewis William Addis, Jr., ("Petitioner"), a self-represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On January 11, 2016, the Magistrate Judge issued a Report, (ECF No. 21), recommending that Respondent's Motion for Summary Judgment, (ECF No. 13), be granted and that the petition be denied. Petitioner filed a timely Objection to the Report. (ECF No. 23). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court finds that Petitioner's Objection consists largely of restatements of arguments already advanced in prior filings, coupled with inapposite legal citations and efforts to present alternate factual scenarios insufficiently supported in the record. No where in Petitioner's filing does he meaningfully counter any of the core legal determinations of the Magistrate Judge's Report, such as the Magistrate Judge's reasoned analysis concerning the procedural bar to Grounds 1, 3 and 4 of the petition, or the Magistrate Judge's careful merits-based review of Petitioner's non-defaulted claims of involuntary guilty plea and ineffective assistance of counsel, including the Magistrate Judge's ultimate determination that Petitioner has failed to demonstrate that the state PCR court based its earlier review of these claims on unreasonable applications of the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and the related standard of *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

.        For all of the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 21), overruling Petitioner's Objection. (ECF No. 23). Respondent's Motion for Summary Judgment, (ECF No. 13), is **GRANTED** and the petition is **DISMISSED**.

## Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant

has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability . . . shall indicate which specific
issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.   A prisoner satisfies the standard by demonstrating that
reasonable jurists would find this court's assessment of his constitutional claims
debatable or wrong and that any dispositive procedural ruling by the district court is
likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029,
154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case,
the legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

<u>s/Mary G. Lewis</u>
United States District Judge

January 28, 2016
Columbia, South Carolina

-3-