IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lewis William Addis, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 1:15-1109-MGL |
| ) | |
| Warden of Allendale Correctional Institution, ) | |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

By Order of January 28, 2016, (ECF No. 24), this Court dismissed Petitioner's § 2254 petition. On February 8, 2016, Petitioner filed this "Rule 59(e) Motion to Alter or Amend" the Court's Order. (ECF No. 28). The Court has reviewed this Motion, and the matter is now ripe for decision.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a court may grant a Motion to Alter or Amend a Judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American National Ins. Co.*, 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Rule 59(e) motions may not, however, be used to raise arguments which could have been raised prior to judgment nor to argue a case under a novel legal theory that the party had the ability

1

to address in the first instance.  *Id.*  Similarly, if a party relies on newly discovered evidence, the party must produce a justification for not presenting the evidence during the earlier proceeding.  *Id.* (citing *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)).  In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.  *Id.*

Applying the above standards to the instant matter, the Court concludes that Petitioner has failed to establish any basis under Rule 59(e) for this Court to modify its Order of January 28, 2016.  Petitioner cites no intervening change in the law nor any newly discovered evidence, and by simply restating legal arguments and factual claims already presented to and rejected by this Court, Petitioner fails to establish that the Court's application of the well-known standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), to the facts of his case amounted to "clear error."

Because Petitioner has failed to establish any of the recognized grounds for reconsideration, the Court concludes that Petitioner's Motion, (ECF No. 28), is properly **DENIED**.

**IT IS SO ORDERED**.

February 26, 2016                                             __s/Mary G. Lewis_____
Columbia, South Carolina                                  United States District Judge